UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

SAMUEL LEWIS,                )
                             )
    Plaintiff,               )
                             )
    v.                       )    CASE NO. 16-CV-4120
                             )
JOHN BALDWIN, et. al.,       )
                             )
    Defendants.              )
                             )

## MERIT REVIEW OPINION

Sue E. Myerscough, U.S. District Judge.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff alleges his constitutional rights were violated at Hill Correctional Center by former Illinois Department of Corrections (IDOC) Director John Baldwin, Warden Stephanie Dorethy, Assistant Warden Allen Henderson, Dietary Manager Dave Windstead, Health Care Administrator Lois Lindorff, Correctional Officer Crouse, and Dr. Kul Sood.

Plaintiff says Hill Correctional Center Staff were aware of a rodent infestation in the Dietary Department, and Plaintiff claims he had seen mice running underneath the tables.  On September 4, 2015, Plaintiff was eating a dinner of rice and soy meat when he found a bone in his food.  Plaintiff was sent to the Health Care Unit where a nurse took Plaintiff's vital signs and called Dr. Sood.  The medical record supplied by Plaintiff indicates Plaintiff told the nurse he found a "mouse leg" in his food. (Comp., p. 17)  Health Care Administrator Lindorff advised Plaintiff they would keep him overnight for observation, and he would see the doctor the next morning.

A few minutes later, Internal Affairs Officer Crouse came to interview Plaintiff.  The officer told Plaintiff another inmate claimed Plaintiff brought the bone to the dietary department and put it in

his own food. Plaintiff was threatened with disciplinary action, but Plaintiff told the officer he was telling the truth.

Plaintiff then asked the nurse and Administrator Lindorff for something for his upset stomach, but he was told there was nothing they could do because of the pending investigation. Plaintiff was then sent back to his housing unit. Plaintiff claims he suffered with stomach pain, nausea and vomiting for an unspecified period of time. He asked Defendant Lindorff for additional medical care, but she ignored his request.

Plaintiff wrote letters to Warden Dorethy and Assistant Warden Allen Henderson, but he did not receive a response. Plaintiff also filed grievances, but claims IDOC Director Baldwin denied each grievance.

## ANALYSIS

Plaintiff has divided his complaint into three "counts" including unsanitary conditions in dietary, denial of medical care, and denial of a healthy diet. In order to demonstrate an Eighth Amendment claim, a plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate

indifference" to that risk. *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir.2010); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Plaintiff might be able to demonstrate an Eighth Amendment violation in this case if he can establish Defendants were aware of a widespread rodent infestation in the dietary department, but they refused to take any steps to address it. *See Horton v. Sheriff of Cook County*, 2012 WL 5838183, at *2 (N.D. Ill. Nov. 16, 2012)(extent of rodent infestation which led to discovery of rodent in food is a factual dispute that cannot be resolved on a motion to dismiss).

However, by itself, "one incident of finding rodent parts in a meal, though most unfortunate, does not rise to the level of a constitutional violation." *Jackson v. Lang,* 2010 WL 3210762, at *1 (N.D. Ill. Aug.10, 2010) *citing See George v. King,* 837 F.2d 705, 707 (7th Cir.1988) (one incident of food poisoning in prison does not state a § 1983 claim of a constitutional violation); *see also Hadley v. Dobucki,* 1995 WL 364225, at *3 (7th Cir.1995)( "in a large food operation as the prison dietary, oversights such as the presence of crusted food or cigarette ashes on dining room fixtures and utensils on occasion, or even 'foreign objects' in the food can be expected"); *Fountain v. Shaw*, 2011 WL 4888874, at *5 (N.D. Ill. Oct. 13,

2011)(court grants summary judgment noting finding mouse parts in food on one occasion does not violate constitution); *McRoy v. Sheahan,* 2004 WL 1375527, *3 (N.D.Ill. Jun.17, 2004)("Even a dead mouse in an inmate's meal is only a minimal deprivation without a showing of injury"); *Wassil v. Casto,* 2014 WL 988479, at *11 (S.D. W.Va. March 12, 2014)("while the presence of a dead rodent in Plaintiffs' food is revolting, this incident does not objectively constitute a denial of the 'minimal civilized measure of life's necessities.'")

Plaintiff alleges Defendants Dorethy, Henderson and Windsteadt had "first-hand knowledge of the infestation of mice." (Comp, p. 10).  Therefore, Plaintiff has alleged these three Defendants violated his Eighth Amendment when they were deliberately indifference to a substantial risk of harm.  Plaintiff has failed to articulate any other claim based on finding a bone in his food.

Plaintiff also alleges Defendants Lindorff and Dr. Sood were deliberately indifferent to his serious medical condition when they sent him back to his cell.  However, Plaintiff does not allege he exhibited any symptoms besides an upset stomach in the Health

Care Unit. Plaintiff provides copies of letters he claims to have sent to Defendant Lindorff asking for medical care for his additional symptoms. It is not clear whether the Defendant received those letters, or whether Plaintiff requested medical care through the appropriate institutional procedures, or even if Plaintiff suffered from a serious medical condition. Nonetheless, for the purposes of notice pleading, Plaintiff may proceed with his claim against Defendant Lindorff. Plaintiff has not stated how Dr. Sood had any further involvement with his claims beyond receiving a phone call when Plaintiff first arrived at the Health Care Unit. Therefore, the Court will dismiss Defendant Dr. Sood.

Plaintiff alleges Internal Affairs Officer Crouse knew he had ingested a mouse, but the Defendant threated him with segregation if Plaintiff did not change his story. Plaintiff does not allege he was placed in segregation, nor that he received a disciplinary ticket. And while Plaintiff alleged he found a mouse bone in his food, Defendant Crouse told Plaintiff another inmate reported seeing Plaintiff place the bone in his food. Therefore, the Defendant had reason to investigate Plaintiff's claims. Plaintiff has failed to

articulate a constitutional violation based on Defendant Crouse's actions.

Plaintiff has also failed to state a specific claim against former IDOC Director Baldwin. Plaintiff says he has named the director for potential injunctive relief, but any potential relief is limited to Hill Correctional Center and Plaintiff states Baldwin is no longer the IDOC Director. Furthermore, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007); *see also Dorn v Powers*, 2011 WL 6890466 at 3 (S.D. Ill. Dec. 30, 2011) ("The United States Court of Appeals for the Seventh Circuit specifically has held that a denial of a prisoner's grievance, even if wrongful, is not a basis for a Section 1983 claim."); *Lampley v Buss*, 2012 WL 464478 at 4 (N.D.Ind. Feb. 10, 2012)( denying a prisoner's formal grievance is not grounds for a §1983 violation). Therefore, the Court will dismiss Defendant Baldwin.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Dorethy, Henderson and Windsteadt violated

Plaintiff's Eighth Amendment when they were deliberately indifference to a substantial risk of harm; and 2) Defendant Lindorff was deliberately indifferent to a serious medical condition.  The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.

The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Dr. Sood and Crouse for failure to state a claim upon which relief can be granted pursuant to § 1915A; 2) Dismiss Plaintiff's motion for a status update as moot, [6]: 3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and, 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  November 8, 2016

FOR THE COURT:                    s/ Sue E. Myerscough
                                  _____
                                     SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE